UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN DEJESUS CARATACHEA, | Case No. 1:21-cv-00804-DAD-BAM |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | (Docs. 21, 22) |
| Defendant. | |

**Findings and Recommendations**

**INTRODUCTION**

Plaintiff Christian Dejesus Caratachea ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income under Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe for findings and recommendations.

Having considered the briefing and record in this matter, the Court finds that the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence as a whole and is not based upon proper legal standards. Accordingly, the Court will recommend that Plaintiff's motion for summary judgment be granted, the Commissioner's request to affirm the agency's determination to deny benefits be denied, and judgment be entered in favor of Plaintiff.

1

## FACTS AND PRIOR PROCEEDINGS

Plaintiff filed an application for supplemental security income on April 6, 2018. AR 255-60.[1] Plaintiff alleged he became disabled on January 19, 2018, due to chest pains, body ache, bipolar, borderline personality, schizophrenia, and chronic lung congestion. AR 289. Plaintiff's application was denied initially and on reconsideration. AR 117-21, 128-32. Subsequently, Plaintiff requested a hearing before an ALJ, and following a hearing, ALJ Kathleen Laub issued an order denying benefits on September 28, 2020. AR 13-30, 38-59. Thereafter, Plaintiff sought review of the decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 2-6. This appeal followed.

### Relevant Hearing Testimony and Medical Record

The relevant hearing testimony and medical record were reviewed by the Court and will be referenced below as necessary to this Court's decision.

### The ALJ's Decision

On September 28, 2020, using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 16-30. Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 6, 2018, the application date. AR 18. The ALJ identified the following severe impairments: schizophrenia; drug induced psychotic disorder; amphetamine use disorder, severe; alcohol use disorder; cannabis use disorder; bipolar II disorder; and borderline personality disorder. AR 18-20. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments. AR 20-22. Based on a review the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of work at all exertional levels, but with the following non exertional limitations:

> [H]e can perform work that needs little or no judgment to do simple duties that can be learned on the job in a short period of time of up to 30 days and has a reasoning level of no higher than 2. The claimant can sustain ordinary routines,

---

[1] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

understand, carry out and remember simple instructions and use judgement in making simple work related decisions. He can attend and concentrate for two-hour periods totaling a normal eight hour workday with usual work breaks. The claimant can respond appropriately to supervision, coworkers and usual work situations. He can tolerate occasional interaction with supervisors and coworkers. The claimant should not have to engage in any teamwork or collaboration with coworkers. He can tolerate brief, superficial interaction with the general public on less than an occasional basis. The claimant can adapt to occasional changes in a routine work setting. He can perform low stress work, which is defined as work requiring at most occasional decisions and occasional changes in work duties and tasks.

AR 22. With this RFC, the ALJ determined there are jobs that exist in the national economy that Plaintiff can perform, such as commercial cleaner, laundry worker, and housekeeping cleaner. AR 29-30. The ALJ therefore concluded that Plaintiff had not been under a disability since April 6, 2018. AR 30.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage

in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## **DISCUSSION**[2]

Plaintiff contends that the ALJ erred by failing to "fully and fairly develop the record because she failed to obtain any records from the 15-month period of Plaintiff's involuntary mental health hospitalization." (Doc. 21 at 1.) Plaintiff also contends that the ALJ erred by failing to adopt or explain her rejection of portions of Dr. Megan Stafford's opinion. (*Id.*)

**1. The ALJ failed to develop the record**.

a. Parties' Arguments

Plaintiff argues that the ALJ erred by failing to fully and fairly develop the record to include additional mental health treatment records. (Doc. 21 at 9.) Plaintiff contends that the ALJ discounted Plaintiff's subjective complaints and the opinion from the treating Nurse Practitioner "in large part due to a lack of evidence and objective findings." (*Id.*) Plaintiff notes that in reaching her decision, the ALJ pointed to "minimal persuasive evidence in the record from treating and examining physicians to indicate these conditions significantly impact the claimant's ability to perform work-related activities" and pointed to "minimally significant objective exam findings to support any greater limitations than determined in this decision." (*Id.*, citing AR 25.) Plaintiff asserts that these findings and conclusions are legally erroneous because they are the product of the ALJ's own failure to develop the record and obtain records from Plaintiff's 15-

---

[2] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

4

1  month involuntary mental hospitalization.  (*Id.* at 9-10.)  Noting the ALJ's acknowledgment at the
2  hearing that there were records missing from Atascadero State Hospital ("ASH"), Plaintiff argues
3  that the ALJ's failure to develop the record and obtain this evidence is legal error.  He also argues
4  that this error is prejudicial because "it resulted in ambiguous and incomplete evidence of
5  Plaintiff's functioning during the relevant period."  (*Id.* at 12.)  Plaintiff contends that the failure
6  to develop Plaintiff's complete medical history requires remand.  (*Id.*)

7      In response, Defendant contends that Plaintiff waived his argument that the ALJ had a
8  duty to further develop the record because he was represented at the administrative hearing by
9  Amanda Foss, and his counsel confirmed that the record was complete.  (Doc. 22 at 5-6.)
10  Defendant further contends that even if Plaintiff had not waived the issue, he has not shown error
11  because there was no ambiguity, and the record was more than adequate for a proper evaluation
12  of the evidence, citing the examination and opinion provided by Dr. Stafford.  (*Id.* at 6.)

13      b.  <u>Legal Standard</u>

14      "In Social Security cases, the ALJ has a special duty to develop the record fully and fairly
15  and to ensure that the claimant's interests are considered, even when the claimant is represented
16  by counsel."  *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001).  "An ALJ's duty to develop
17  the record further is triggered only when there is ambiguous evidence or when the record is
18  inadequate to allow for proper evaluation of the evidence."  *Id.* at 459-60; *see also Tonapetyan v.*
19  *Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("Ambiguous evidence, or the ALJ's own finding
20  that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's
21  duty.").  The evidence is "insufficient when it does not contain all the information [the Agency]
22  need[s] to make [its] determination or decision." 20 C.F.R. § 416.920b(b).

23      c.  <u>Analysis</u>

24      As a preliminary matter, the Court finds that Plaintiff did not waive his argument
25  regarding the ALJ's duty to develop the record.  At the outset of the administrative hearing, the
26  ALJ indicated that she "saw a notice that there was something missing from Ash," and counsel

5

responded that she "believe[d] we got in" and "everything's in on this one."[3]  AR 42.

As noted, Defendant argues that Plaintiff waived his duty to develop argument because he was represented by counsel, who informed the ALJ that the record was complete. Ordinarily, Defendant would be correct—any challenge to the incompleteness of the record is waived where counsel confirmed the record was complete. *See*, *e.g.*, *Gonzalez v. Kijakazi*, No. 1:21-CV-01676-SKO, 2023 WL 6164086, at *5 (E.D. Cal. Sept. 21, 2023) ("Here, because counsel stated that the record was complete, the issue is not properly preserved for appeal."); *Karl v. Kijakazi*, No. 1:21-cv-01576-SKO, 2023 WL 3794334, at *5 (E.D. Cal. June 1, 2023) (finding plaintiff's challenge to incompleteness of the record not properly preserved for appeal where plaintiff represented by counsel at the administrative hearing who expressly stated the record was complete); *Smith v. Saul*, No. 1:19-cv-01085-SKO, 2020 WL 6305830, at *7 (E.D. Cal. Oct. 28, 2020) (finding plaintiff's challenge to incompleteness of record not properly preserved for appeal where plaintiff represented by counsel at the administrative hearing and specifically stated that the record was complete).

Here, however, it was obvious that the ASH treatment records were missing, despite counsel's equivocal representation that the record included the ASH records and that the record was complete. AR 42 ("ALJ: Okay, I saw a notice that there was something missing from Ash? ATTY: I believe we - - I believe we got in, Your Honor."). The ALJ was aware of the missing records at the outset of the hearing, and repeatedly noted Plaintiff's ASH hospitalization in her decision. *See*, *e.g.*, AR 23, 24 ("More recently, the claimant was noted to have been off medications and not maintaining sobriety, which resulted in an inpatient hospitalization."), 26 ("The August 2020 treatment records from Xavier Lara, M.D. of the California Department of

---

[3] ALJ: And have you submitted all evidence, favorable or not?
ATTY: Yes, Your Honor.
ALJ: Okay, I saw a notice that there was something missing from Ash?
ATTY: I believe we - - I believe we got in, Your Honor.
ALJ: Okay.
ATTY: Yeah. I believe - -
ALJ: Okay.
ATTY: - - everything's in on this one.

AR 42.

6

Corrections and Rehabilitation (CDC&R Health Record Center) reveal the claimant was released from a State hospital the month prior . . . "). Yet, the decision includes only treatment records pre- and post-dating that hospitalization, which occurred from May 10, 2019, through July 10, 2020. *See* AR 24 (citing records from 2018 and August 2020), 25 (citing medical evidence prior to the alleged onset date and from 2018), 26 (citing records from August 2020), 426 ("He left ASH 7/10/20, was admitted 5/10/19). There was an obvious gap in the treatment records for the approximately 14-month period of Plaintiff's hospitalization, and the ALJ was on notice that Plaintiff's mental health records were not complete. District courts in the Ninth Circuit have found an erroneous failure to develop the record under similar circumstances, where there is an obvious gap in the record, even if the claimant is represented by counsel who states that the record does not need to be supplemented further. *See*, *e.g.*, *Craig H. v. Kijakazi*, No. 22cv800-AJB(LR), 2023 WL 4679342, at *8 (S.D. Cal. July 21, 2023) report and recommendation adopted, No. 22-CV-00800-AJB-LR, 2023 WL 5340794 (S.D. Cal. Aug. 18, 2023), (indicating obvious gap in the record should have alerted the ALJ to the fact that plaintiff's mental health treatment records were missing); *Michael K. v. Saul*, No. 1:18-CV-03165-MKD, 2019 WL 7819554, at *7 (E.D. Wash. July 31, 2019) ("[W]here there is an obvious gap in the medical evidence, the ALJ has an independent duty to fully and fairly develop the record, even where the claimant is represented by counsel."); *Matthews v. Berryhill*, Case No. SA CV 16–2226–DFM, 2018 WL 1352927, at *2-3 (C.D. Cal. Mar. 15, 2018) (collecting cases and noting that an ALJ had a duty to fully and fairly develop the record when it is obvious that pages are missing from the record).

      Defendant argues that even if this argument is not waived, Plaintiff has not shown error because the record was "more than adequate for proper evaluation of the evidence." (Doc. 22 at 6.) However, the record was not adequate to properly evaluate the evidence, given that approximately 14 months of mental health treatment records were missing, the ALJ knew that the records likely existed, other treatment records referenced the hospitalization, and the ALJ also referenced the hospitalization in her decision. *See Sarah M. M. v. Kijakazi*, No. CV 20-5273 PVC, 2022 WL 22879659, at *3 (C.D. Cal. Jan. 26, 2022) ("Although the ALJ did not find the

record ambiguous or inadequate, the record itself was insufficient to evaluate the evidence, given that the most recent two years of mental health treating records were missing from the record, the ALJ was informed that further records likely existed, and the existing treatment records referenced further treatment."); *Carlon v. Saul*, No. 1:18-CV-01085-SKO, 2019 WL 4274091, at *12 (E.D. Cal. Sept. 10, 2019) (concluding record "objectively inadequate for proper evaluation of the evidence" and the ALJ duty to develop the record where treatment notes referenced appointments, but the record did not contain notes from those appointments).

Moreover, the failure to develop the record was not harmless because the ALJ's decision relied on the lack of evidence in the record from treating and examining physicians and the lack of clinical or diagnostic findings in reaching her determination. *See*, *e.g.*, AR 25 ("Although the undersigned does not discount that the claimant has severe impairments, and as a result experiences some symptoms, there is minimal persuasive evidence in the record from treating and examining physicians to indicate these conditions significantly impact the claimant's ability to perform work-related activities such that he is 'disabled.'"), 26 ("The medical evidence as a whole fails to disclose any significant clinical or diagnostic findings that would support the claimant's allegations of 'disabling' symptoms ad limitations."). The ALJ repeatedly made findings based on "the record as a whole." *See*, *e.g.*, AR 24 ("Although the claimant testified to debilitating mental symptoms, the medical evidence as a whole suggests the claimant's mental conditions are generally stable, manageable, and favorably responsive to treatment when compliant and sober."), 25 ("The record as a whole, including medical evidence discussed below, does not establish disabling impairments of such a severity, either singly or in combination, that would preclude the performance of all sustained work activity."), 26. Given that records from Plaintiff's mental health hospitalization, spanning an approximate 14-month period, were missing, the ALJ's findings could not have been based on the medical evidence "as a whole."

To the extent Defendant relies on the consultative examination completed by Dr. Stafford to demonstrate that the record was adequate (Doc. 22 at 6), this argument is not persuasive. Plaintiff's hospitalization at ASH, from May 10, 2019, through July 10, 2020, occurred well after Dr. Stafford's consultative examination in June 2018. AR 27, 397-401, 426.

Based on the above, the Court therefore concludes that the ALJ erred in not developing the record, and the error was not harmless.

### 2. Remedy

Given the identified error, the Court must decide the appropriate remedy. The decision whether to remand for further proceedings or order an immediate award of benefits is within the Court's discretion. *See Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Unless "the record has been fully developed and further administrative proceedings would serve no useful purpose," remand for further proceedings is warranted. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Here, the record is not fully developed, and because it is not clear that "further administrative proceedings would serve no useful purpose," remand for further proceedings is appropriate. *Id.*; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

Having found that remand is warranted, the Court declines to address Plaintiff's remaining argument regarding the evaluation of Dr. Stafford's opinion, which can be addressed, as necessary, on remand. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F.Supp.2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand."); *Marcia v. Sullivan*, 900 F.2d 172, 177 n.6 (9th Cir. 1990) ("Because we remand for reconsideration of step three, we do not reach the other arguments raised.").

### CONCLUSION AND RECOMMENDATON

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence in the record as a whole and is not based on proper legal standards. Accordingly, IT IS HEREBY RECOMMENDED as follows:

1.  Plaintiff's motion for summary judgment (Doc. 21) be granted.
2.  The Commissioner's request to affirm the agency's decision (Doc. 22) be denied.
3.  The Clerk of the Court be directed to enter judgment in favor of Plaintiff Christian Dejesus Caratachea, and against Defendant Commissioner of Social Security

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 30, 2025**                    /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE